# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TERRY C. LANCASTER,

    Petitioner,

-vs-                                            Case No. 8:10-CV-1714-T-30TGW

ATTORNEY GENERAL, STATE
OF FLORIDA,[1]

    Respondent.
_____/

## **ORDER**

Petitioner constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") on July 29, 2010 (Dkt. 1). The Court ordered Petitioner to show cause why his petition should not be dismissed as time-barred (Dkt. 5). Petitioner filed his response to the Court's order to show cause (Dkt. 6).

Having undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2010), the Court concludes that the petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

---

[1] The Advisory Committee Notes to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future.

*See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

## Analysis

The AEDPA created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner was convicted and sentenced on September 2, 2004 (Dkt. 1 at p. 1). Petitioner appealed. His convictions and sentences were affirmed on December 28, 2005 (Dkt. 1 at p. 2). Thus, his judgment of conviction was final on March 29, 2006,[2] and the federal limitation period expired one year later, absent tolling pursuant to 28 U.S.C. §

---

[2] Because Petitioner's convictions were affirmed on direct appeal on December 28, 2005, his judgment of conviction became final 90 days later on March 29, 2006. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired).

2244(d)(2). According to Petitioner's petition, he filed a motion for post-conviction relief ("motion") on July 9, 2007 (Dkt. 1 at pg. 3; Dkt. 6 at pg. 1). The motion, however, was filed well beyond the expiration of the federal limitation deadline of March 29, 2007. As a consequence, the motion, and the other post-conviction motions he subsequently filed, did not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Consequently, Petitioner's federal petition is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner has not alleged that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling. Consequently, the petition must be dismissed as time-barred.

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on September 13, 2010.

_/s/ James S. Moody, Jr._
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*